WILLIAM J. LOHN, Respondent, v. AUTOMATIC MOTOR CONTROL CORPORATION and Others, Appellants, Impleaded with GEORGE ZITZMANN and Another.

Order affirmed, with twenty dollars costs and disbursements. No opinion. Present — Finch, P. J., Martin, O'Malley, Townley and Glennon, JJ.; Townley and O'Malley, JJ., dissent and vote to reverse and deny motion.

TOWNLEY, J. (dissenting). This is a judgment creditor's action. Plaintiff obtained a judgment against Automatic Motor Control Corporation, Jacob Muller and George Zitzmann for $7,251.28 for commissions in having brought about the sale of the assets of that corporation to the Appollo Magneto Corporation. Muller and Zitzmann were the sole stockholders of the Automatic Motor Control Corporation. They were also directors and a third director was the appellant Amelia R. Muller. The assets transferred consisted of equipment, accounts receivable and patents. The sale was negotiated by plaintiff and a transfer was made September 23, 1929. The terms included $6,000 in cash. A license agreement was also executed for the life of the patents with a royalty of five per cent and a guaranteed minimum of $2,000 per year. A check for $6,000 was made to the order of the corporation. Muller and Zitzmann indorsed the corporate name and their own names and opened a joint account. Muller and Zitzmann then withdrew the $6,000 and applied it to their own use. This motion concerns the disposition of the royalties. The claim is that the royalties were disposed of to Amelia Muller in fraud of the plaintiff by the assignment of Jacob Muller. The assignment was made immediately upon the execution of the royalty agreement. On October 17, 1930, the license agreement with the Appollo Magneto Corporation was canceled and a new license agreement on exactly the same terms was executed to Joseph Wiedenhoff, Inc. The royalties were again immediately assigned to the defendant Amelia R. Muller. Mrs. Muller has collected the minimum royalty, which, up to August 5, 1932, has amounted to $8,109.99. The consideration claimed for the assignment is that Amelia Muller had loaned to the Automatic Motor Control Corporation some $23,195 before the original transaction for which plaintiff claims his commission took place. For the purposes of this motion, Mrs. Muller proved satisfactorily that the money was advanced by her and, so far as the papers warrant any conclusion at this time, it was her own money that was advanced. It appears that the plaintiff, who was the broker in the transaction of the sale to the Appollo Magneto Corporation, was aware of Mrs. Muller's claim for $23,195. The Appollo Magneto Corporation, the purchaser, also knew of the claim and required as a condition for the consummation of the transaction a release from Mrs. Muller of this liability. In order to secure this release and to make the closing of the agreement possible, and as an inducement to Mrs. Muller to give the release, it was agreed, according to Mrs. Muller, that an assignment should be given to her of the royalties which were to become payable under the license agreement to the extent of the indebtedness due her. The further assignment after the new royalty agreement with Joseph Wiedenhoff, Inc., was obviously nothing more than a similar protection of the interests of Mrs. Muller in the same way that they had been protected at the time plaintiff earned his brokerage fee. On this record it appears that plaintiff is far from establishing any fraud on Mrs. Muller's part or any fraudulent transfer by the other defendants. On the contrary, defendant has established that plaintiff knew all about the contemplated assignment and could not have performed his broker's duties without Mrs. Muller's help in agreeing to substitute the royalty agreement for her direct claim against the corporation. Plaintiff in effect is trying to establish that the transfer to Mrs. Muller was fraudu-

lent as to him in spite of the fact that it was a necessary part of the deal upon which his claim as a creditor rests. It is true that the source of Mrs. Muller's money is contested in the affidavits. But an injunction and a receivership should not be granted when it is probable, *first*, that Mrs. Muller did furnish the money, and *second*, that plaintiff was cognizant of the facts at the time he performed his services. The order should be reversed, with twenty dollars costs and disbursements, and the motion denied. O'Malley, J., concurs.